UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN TASIS,

        Movant,

v.

UNITED STATES OF AMERICA,

        Respondent.
_____/

Criminal Case No. 10-20442-1
Civil Case No. 16-10971

SENIOR UNITED STATES DISTRICT
JUDGE ARTHUR J. TARNOW

**ORDER DENYING MOVANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE [154]**

On May 6, 2011, a jury convicted Movant Martin Tasis of: Health Care Fraud Conspiracy (Count 1); Health Care Fraud (Counts 2-4); Money Laundering Conspiracy (Count 5); Monday Laundering (Count 6); and Conspiracy to Pay and Receive Kickbacks (Count 8). [Dkt. #75]. On October 20, 2011, the Court sentenced Mr. Tasis to ten years on Counts 1-6 and five years on Count 8, to be served concurrently.[1] [122]. Mr. Tasis did not file an appeal.

On March 15, 2016, Mr. Tasis filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C § 2255 [154]. The Government filed a Response [162] on July 8, 2016. Mr. Tasis filed a Reply [163] on August 5, 2016.

---

[1] As an initial matter, the Court found an offense level of 28 under USSG § 2B1.1. The Court further added: two levels for conviction under 18 U.S.C. § 1956; two levels for sophisticated money laundering; and four levels for Mr. Tasis' role in the offense. Sent'g Hr'g Tr. at 19 (Oct. 7, 2011).

Because Movant's request for relief is time-barred, the Court **DENIES** the Motion to Vacate, Set Aside, or Correct Sentence.

## ANALYSIS

A petitioner seeking relief under 28 U.S.C. § 2255 is bound by a one-year period of limitation. The limitations period begins from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Generally, for the purposes of § 2255(f)(1), "convictions become final upon conclusion of direct review." *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004). However, where a defendant does not file an appeal, "the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals." *Id.* at 427. Pursuant to Fed. R. App. P. 4(b)(1), a defendant must file a notice of appeal within fourteen days of the entry of judgment. The district court may extend the appeal time by thirty days

where the defendant makes a showing of excusable neglect or good cause. *Sanchez-Castellano*, 358 F.3d at 427.

Because Mr. Tasis did not file an appeal, his conviction became final on November 3, 2011, fourteen days after the Court's entry of judgment. To comply with the one-year statute of limitations set forth in § 2255(f)(1), Mr. Tasis should have filed his motion on or before November 3, 2012. Mr. Tasis did not file this Motion until March 15, 2016, more than four years after his conviction became final. Accordingly, the Motion is untimely.

Mr. Tasis claims that his right to pursue appellate review was abridged because his counsel rendered ineffective assistance on his behalf. [154 at 12]. In essence, he submits that his attorney's failure to file a requested appeal justifies his delay in filing this § 2255 Motion. Mr. Tasis cites to *United States v. Munoz*, 605 F.3d 359 (6th Cir. 2010) to support his argument that his counsel's ineffective assistance satisfied the excusable neglect standard. However, *Munoz*, which dealt with the government's appeal of a district court's grant of a new trial under Fed. R. Cr. P. 33, is inapplicable to the instant case.

To the extent that Mr. Tasis' argument for excusable neglect can be construed as one for equitable tolling, the Court similarly rejects this argument. Although § 2255(f) is subject to equitable tolling, ". . . [a] habeas petitioner is entitled to equitable tolling only if two requirements are met[:] first, the petitioner

must establish 'that he has been pursuing his rights diligently[;]' [a]nd second, the petitioner must show 'that some extraordinary circumstance stood in his way and prevented timely filing.'" *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2011)).

Mr. Tasis fails to put forth any evidence demonstrating that he has been pursuing his rights diligently over the past four years. A review of the docket shows that he has effectively allowed this case to lie dormant from the entry of judgment on October 20, 2011 to the filing of this Motion on March 15, 2016.

Additionally, Mr. Tasis fails to show that an extraordinary circumstance prevented him from filing this Motion. First, Mr. Tasis seems to confuse his delay in filing an appeal with his delay in filing this § 2255 Motion. Mr. Tasis is correct in noting that he may raise an ineffective assistance of counsel claim through a § 2255 motion, notwithstanding his lack of a direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504 (2003). Nevertheless, Mr. Tasis offers no explanation for his delay in seeking relief on this issue. The one-year statute of limitations established in § 2255 applies to claims for ineffective assistance of counsel. *Gillis v. United States*, 729, F.3d 641, 644 (6th Cir. 2013) (denying as untimely petitioner's § 2255 motion, filed over 16 months after the time for filing the notice of appeal expired, in which petitioner argued ineffective assistance of counsel in delay in filing an appeal).

Furthermore, "[c]ounsel's [alleged] failure to raise an argument at sentencing [does] not affect [Movant's] ability to timely file his § 2255 motion . . . ." *Norwood v. United States*, No. 17-1370, (6th Cir. July 3, 2017). While equitable tolling based on extraordinary circumstances is warranted in "egregious cases involving an attorney's failure to satisfy professional standards of care[,]" *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010), Mr. Tasis has made no such showing here.

The only explanation Mr. Tasis offers for his delay in filing this Motion is based on an unfounded assertion that the United States Federal Sentencing Guidelines (USSG) foreclosed relief until an amendment was enacted in 2015. [154 at 4]. Mr. Tasis seeks to challenge the Court's imposition of a two-level enhancement to his sentence under USSG § 2S1.1(b)(3). In support of his argument, Mr. Tasis submits that "pursuant to Amendment 792 (2015) the Government had to prove by a preponderance of the evidence that movant had the intent under USSG § 2b1.1(b)(10)(c) to employ sophisticated means to launder proceeds from the charged Medicare fraud." [154 at 19].

The enactment of Amendment 792 does not constitute an "extraordinary circumstance" for purposes of equitable tolling in this case. Moreover, even if the Court were to find that Mr. Tasis has met his burden of demonstrating that the

enactment of the Amendment qualifies as an extraordinary circumstance, the Court would deny Movant's claim for relief.[2]

The Court enhanced Mr. Tasis' sentence pursuant to the "sophisticated laundering" provision in USSG § 2S1.1(b)(3). Thus, Amendment 792, modifying USSG § 2B1.1(b)(10)(c), is inapplicable to Movant's sentence. Mr. Tasis concludes, without citing to any case law, that "Amendment 792 'clarifies' the meaning of 'sophisticated means' in USSG § 2B1.1 and is applicable to the interrelated USSG § 2s1(b)(2) [sic]." [154 at 21]. The Court declines to adopt Mr. Tasis' unsupported interpretation of the applicability of the Amendment to his sentence.

## CONCLUSION

Mr. Tasis' request for relief is untimely. He has failed to establish that he has been pursuing his rights diligently and that extraordinary circumstances prevented timely filing. Therefore, the Court will **DENY** Movant's Motion to Vacate, Set Aside, or Correct Sentence. Movant's current 120-month sentence will remain intact.

Accordingly,

---

[2] The Court analyzes Movant's sentencing enhancement argument under the equitable tolling standard, as Mr. Tasis does not argue for the application of § 2255(f)(3). The Court would similarly deny Movant's claim for relief under that Section because the Amendment does not afford a right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

**IT IS ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence [154] is **DENIED**. Movant is granted a certificate of appealability.

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: November 3, 2017				Senior United States District Judge